IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES PILOTS ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-2065-M |
| | § § | |
| SOUTHWEST AIRLINES CO., | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S OPPOSED MOTION
FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Fed. R. Civ. P. 65, Plaintiff Southwest Airlines Pilots Association (hereinafter "SWAPA" or "Plaintiff"), by and through its President Casey Murray, and by and through its attorneys, Gillespie Sanford LLP, hereby move the Court for a temporary restraining order and for further preliminary injunctive relief against Defendant Southwest Airlines Co. ("Southwest Airlines" or "Defendant"). The injunctive relief sought will restrain the Defendant from interfering with the federal Railway Labor Act-protected rights of its pilot employees represented by SWAPA.

Despite SWAPA filing its Original Complaint in this matter on August 30, 2021 and complaining of Southwest Airlines' violations of the Railway Labor Act ("RLA"), Southwest Airlines has repeatedly continued to take the position that its unilateral actions which violate the *status quo* are within Defendant's "management rights."

Several times since August 30, 2021, Southwest Airlines has taken new unilateral actions which violate the *status quo* between the parties in further violation of the Railway Labor Act. Most recently, on October 4, 2021, Southwest Airlines unilaterally rolled out a new and non-negotiated COVID vaccine mandate for all employees, including SWAPA pilots. The new vaccine mandate unlawfully imposes new conditions of employment and the new policy threatens termination of any pilot not fully vaccinated by December 8, 2021. Southwest Airlines' additional new and unilateral modification of the parties' collective bargaining agreement is in clear violation of the RLA. Because of Southwest Airlines' continued unilateral actions, and its continued violations of the RLA which harm SWAPA and its members, this motion is necessary and SWAPA respectfully seeks an immediate hearing.

Counsel for SWAPA has conferred with counsel for Southwest Airlines in a good-faith attempt to resolve this dispute by agreement. No agreement could be reached because Southwest Airlines refuses to negotiate and denies its unilateral actions are interfering with the federal Railway Labor Act-protected rights.

## I.     GROUNDS FOR RELIEF

It is essential that the Court issue temporary and preliminary injunctive relief to prevent immediate and irreparable injury because, as explained more fully in the accompanying Brief:

1.     Plaintiff's members will suffer immediate, irreparable loss and damage to their rights to collectively bargain through the labor organization of their choice guaranteed, inter alia, by the Railway Labor Act ("RLA"), 45 U.S.C. §151 et seq. and by Defendant's continued violation of the parties' *status quo* in violation of the RLA;

2.     The RLA does not require proof of irreparable harm when a party is violating the *status quo*, as irreparable harm is inferred. *See, e.g., Bhd. of Ry. Trainmen v. Central of Georgia*

*Ry.*, 305 F.2d 605, 609 (5th Cir.1962); *see also Consol. Rail Corp. v. Ry. Lab. Executives' Ass'n*, 491 U.S. 299, 303 (1989); *Wheeling & Lake Erie Ry. Co.*, 789 F.3d 681, 691 (6th Cir. 2015); *United Airlines v. Int'l. Ass'n of Machinists*, 243 F.3d 349, 362 (7th Cir. 2001); *Division No. 1, Bhd. of Locomotive Engineers v. Consolidated Rail Corp.*, 844 F.2d 1218, 1220 (6th Cir. 1988).

3. Plaintiff is likely to prevail on the merits of this matter;

4. While Plaintiff and its members would be irreparably harmed by Southwest Airlines continuing to interfere with its and its members' rights under the RLA, Southwest Airlines would suffer no adverse consequences if required to comply with its obligations under the RLA; and

5. An injunction is in the public interest because the public has a strong interest in vindicating the RLA's public policy permitting employees to organize, choose their own representatives and bargain collectively free from interference, influence, or coercion by carriers; there is also a strong public interest in vindicating the RLA's public policy that a employer not violate the parties' *status quo* during Section 6 negotiations; hence, the interests of the public are aligned with Plaintiff herein.

## II. NOTICE OF REQUEST FOR INJUNCTIVE RELIEF AND FOR IMMEDIATE HEARING

Plaintiff requests that a hearing be scheduled in this matter as expeditiously as possible at the earliest convenience of the Court in order to stop Defendant's unlawful actions to undermine the Union and the pilots it represents in collective bargaining with Southwest Airlines. Specifically, Southwest Airlines has overtly and unabashedly, repeatedly taken unilateral actions which violate the parties' *status quo* and which are contrary to the requirements under the RLA. Defendant's latest overt violation of the parties' *status quo* threatens Pilots with termination and is a unilateral unbargained for change to the parties' CBA.

### III.     SUPPORTING MATERIAL

This Motion is based upon this document, on the attached Brief in Support, the First Amended Complaint, the Declarations, and evidence filed in support of this Motion, a Proposed Order, and whatever argument and evidence may be presented at the hearing of this Motion.

### IV.     PROPOSED RELIEF

Plaintiff SWAPA requests judgment against Defendant Southwest Airlines for the following temporary and preliminary relief:

A.     That the Court grant immediate, preliminary injunctive relief enjoining Defendant and its agents, employees, representatives, and successors and predecessors in interest from unilaterally imposing new rates of pay, rules, and working conditions as they relate to the Southwest Airline Pilots pending completion of the RLA's "major" dispute resolution procedures;

B.     That the Court grant immediate, preliminary injunctive relief enjoining Defendant and its agents, employees, representatives, and successors and predecessors in interest from using and enforcing the following policies as they relate to the Southwest Airline Pilots pending completion of the RLA's "major" dispute resolution procedures,:

(1) the Infectious Disease Control Policy,

(2) the Emergency Extended Time Off ("ExTO") Program,

(3) the COVID quarantine policies,

(4) the Vaccine Participation Pay Program ("VPPP"),

(5) the Flight Crew Training Instructors Program, and

(6) the mandatory COVID vaccine policy.

   C.  That the Court order Defendant Southwest Airlines as it relates to the Pilots to immediately revert to the *status quo ante* under the existing collective bargaining agreement pending completion of the RLA's "major" dispute resolution procedures as to:

    (1) the Infectious Disease Control Policy,

    (2) the Emergency Extended Time Off ("ExTO") Program,

    (3) the COVID quarantine policies,

    (4) the Vaccine Participation Pay Program ("VPPP"),

    (5) the Flight Crew Training Instructors Program, and

    (6) the mandatory COVID vaccine policy.

   D.  That the Court order Defendant Southwest Airlines to immediately stop using and/or threatening to use an unbargained-for and unilaterally declared *force majeure* clause within the parties' CBA pending completion of the RLA's "major" dispute resolution procedures.

   E.  That the Court order Defendant Southwest Airlines to "exert every reasonable effort" to reach an agreement as to the following programs going forward pending completion of the RLA's "major" dispute resolution procedures:

    (1) the Infectious Disease Control Policy,

    (2) the Emergency Extended Time Off ("ExTO") Program,

    (3) the COVID quarantine policies,

    (4) the Vaccine Participation Pay Program ("VPPP"),

    (5) the Flight Crew Training Instructors Program, and

    (6) the mandatory COVID vaccine policy.

      F.      That the Court issue a declaratory judgment that the Defendant's conduct in taking unilateral actions which impact the pay, rules, and working conditions of its Pilots has been in violation of the RLA and its duty to maintain *status quo*.

      G.      That the Court order Defendant to conspicuously post copies of this Court's order at Defendants' headquarters and at locations used by Pilots for a period of one-hundred eighty (180) days.

      H.      That the Court award SWAPA its reasonable costs and attorney's fees associated with this proceeding.

      I.      That the Court grant SWAPA such other and further relief as the Court deems equitable and just.

      J.      That the Court set bond as required by the Norris-La Guardia Act at $1,000.

DATED: October 8, 2021

Respectfully submitted,

By:    */s/ Hal K. Gillespie*
Hal K. Gillespie
hkg@gillespiesanford.com
Texas State Bar No. 07925500
James D. Sanford
jim@gillespiesanford.com
Texas State Bar No. 24051289
Joseph H. Gillespie
joe@gillespiesanford.com
Texas State Bar No. 24036636
Gillespie Sanford LLP
4803 Gaston Avenue
Dallas, Texas 75246
Phone: (214) 800-5111
Fax: (214) 838-0001

and

K. Helen Yu
hyu@swapa.org
Texas State Bar No. 24071565
Southwest Airlines Pilots Association
1450 Empire Central Drive,
Suite 737
Dallas, TX 75247
Phone: (214) 722-4256
Fax (214) 351-2504

ATTORNEYS FOR PLAINTIFF
SOUTHWEST AIRLINES PILOTS
ASSOCIATION ("SWAPA")

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for SWAPA, Hal K. Gillespie, has conferred with counsel for Southwest Airlines, Jonathan C. Fritts, on October 8, 2021 regarding the above and foregoing motion and the relief sought by SWAPA and that this motion is <u>opposed</u> by Southwest Airlines.

By:   */s/ Joseph H. Gillespie*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing document has been served upon counsel of record for Southwest Airlines by and through the Court's ECF system on October 6, 2021.

By:   */s/ Joseph H. Gillespie*